**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN THE MATTER OF:
CONSTANCE ERVING WADE** **CASE NO. 23-12312-SDM**

---

**APPLICATION TO EMPLOY SPECIAL COUNSEL**

---

COMES NOW, Jeffrey K. Tyree, Staff Attorney for the Chapter 13 Trustee, and files this Application to Employ Special Counsel, for and on behalf of Constance Erving Wade (the "Debtor"), respectfully shows the Court the following:

1.

The Debtor filed her Chapter 13 case on August 1, 2023.

2.

The Debtor has a class action claim against Zantac.

3.

Pursuant to Section 327 of the Bankruptcy Code, the Debtor desires to employ Watts Law Firm LLP and Biltmore Law Group, PLLC to represent the interests of the Debtor, if any, and the above described claim. The attorneys have had experience in matters of this character and the Debtor believes that the attorneys are qualified to represent him and the bankruptcy estate in this matter. The attorneys represent no interest adverse to the Chapter 13 Trustee or this bankruptcy estate and their employment would be in the best interest of this Estate. Affidavits of the attorneys are attached hereto as Exhibit "A," along with a copy of the Contract for Legal Services attached hereto as Exhibit "B."

4.

The professional services to be rendered by the above-named attorneys would include the following:

a. To assist the Debtor in the handling of this claim.

b. To perform all other legal services for the Debtor in connection with this and directly related matters which may be necessary and in the best interest of the Debtor's bankruptcy estate.

5.

An Order authorizing employment is required because extensive legal work has been performed on this case, all of which will be a benefit to the Bankruptcy Estate. The approval of this Application will not prejudice any parties-in-interests because the Debtor anticipates that a recovery and/or settlement will be generated in this matter which will be a benefit to the creditors of the bankruptcy estate. Per the certificate of service, a copy of this Motion has been served upon the master mailing Matrix as constituted by the Court on the date of service.

6.

After the performance of such legal services, or during the performance, upon proper application, the above named attorneys should be allowed reasonable compensation, pursuant to Section 330 of the Bankruptcy Code, for services rendered as follows: Pursuant to the Initial Closing Statement, as part of the contemplated settlement, the legal fees and reasonable and necessary expenses, do not exceed 50% of the total recovery. However, in the event, this case goes to trial and is, potentially, appealed, Special Counsel may seek fees, in particular, expenses that could exceed 50% of the total recovery. However, any request for such fees and expenses will be included in an Application for Compensation, subject to Court approval after notice and

hearing. Such fees and expenses shall be requested to be allowed as an administrative expense in this bankruptcy proceeding.

Wherefore, the Debtor prays that he be authorized to employ Watts Law Firm LLP and Biltmore Law Group, PLLC to represent the Debtor, retroactive to date of the filing, and the above entitled bankruptcy estate in connection with the above referenced claim, and have such other and further relief as is just.

Respectfully submitted this the 13th day of November, 2026.

/s/Jeffrey K. Tyree
JEFFREY K. TYREE, MSB#9049
ATTORNEY FOR TODD S. JOHNS,
CHAPTER 13 TRUSTEE
PO BOX 1326
BRANDON MS 39043
601-825-7663; attorney.tyree@vardaman13.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this day forwarded via U.S. Mail, postage prepaid, or electronically notified through the CM/ECF system, a true and correct copy of the foregoing Application to Employ Special Counsel to:

Thomas C. Rollins, Jr.
trollins@therollinsfirm.com

This the 13th day of November, 2026.

/s/Jeffrey K. Tyree
Jeffrey K. Tyree

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN THE MATTER OF:**
CONSTANCE ERVING WADE CASE NO. 23-12312-SDM

**AFFIDAVIT**

PERSONALLY APPEARED BEFORE ME, the undersigned authority, in and for the jurisdiction aforesaid, Jerry White with Watts Law Firm LLP, 811 Barton Springs Road, Suite 725, Austin, TX 78704, after having been first duly sworn, stated on oath that this Affidavit is submitted in support of the Debtor's Application to Employ Special Counsel, (the "Application"), that neither the Affiant nor the Law Firm with which he is affiliated, represent interests adverse to the Debtor or the estate and matters upon which they are to be engaged, and that their employment would be in the best interest of this estate. To the best of Affiant's knowledge, neither he, nor the Law Firm, have any connection with the creditors herein or any other party-in-interest or their respective attorneys and accountants, or with the office of the U.S. Trustee, or its employees, which are prohibited, or which would interfere with or hinder the performance of the duties herein of the Affiant or the Law Firm. The Affiant hereby makes application on behalf of the law firm for employment as counsel for the Debtor herein.

JERRY WHITE

STATE OF TX
COUNTY OF Parker

SWORN TO AND SUBSCRIBED BEFORE ME, this the 11 day of November, 2026.

NOTARY PUBLIC

MY COMMISSION EXPIRES 03-17-2027

GARRISON CONOVER
Notary Public, State of Texas
Comm. Expires 03-17-2027
Notary ID 134258550

Exhibit "A"

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

**IN THE MATTER OF:**
CONSTANCE ERVING WADE CASE NO. 23-12312-SDM

**AFFIDAVIT**

PERSONALLY APPEARED BEFORE ME, the undersigned authority, in and for the jurisdiction aforesaid, Brett Slavick with Biltmore Law Group, PLLC, 5500 North 24th Street, Phoenix, Arizona 85016, after having been first duly sworn, stated on oath that this Affidavit is submitted in support of the Debtor's Application to Employ Special Counsel, (the "Application"), that neither the Affiant nor the Law Firm with which he is affiliated, represent interests adverse to the Debtor or the estate and matters upon which they are to be engaged, and that their employment would be in the best interest of this estate. To the best of Affiant's knowledge, neither he, nor the Law Firm, have any connection with the creditors herein or any other party-in-interest or their respective attorneys and accountants, or with the office of the U.S. Trustee, or its employees, which are prohibited, or which would interfere with or hinder the performance of the duties herein of the Affiant or the Law Firm. The Affiant hereby makes application on behalf of the law firm for employment as counsel for the Debtor herein.

________________________
BRETT SLAVICK

STATE OF Arizona
COUNTY OF Maricopa

SWORN TO AND SUBSCRIBED BEFORE ME, this the 15th day of October 2024, 2026.

________________________
NOTARY PUBLIC

MY COMMISSION EXPIRES December 25 2028

LAUREN BLIXT
Notary Public - Arizona
Maricopa County
Commission # 677543
My Comm. Expires Dec 25, 2028

# CONTRACT OF EMPLOYMENT AND CONSENT TO FEE SHARING

The undersigned "Client": Constance Erving Wade (client's printed name; or if deceased, name of client and decedent as: (client) individually and as representative of the estate and/or the successor in interest of (decedent)), hereby employs Watts Guerra LLC and Biltmore Law Group, PLLC called "the Firms," as my attorneys to represent me in all claims, suits, or other matters arising out of and resulting from personal injuries suffered by me or decedent related to Zantac, and against any designer, maker, distributor, and/or seller of such product(s). Further, unless otherwise specifically agreed in writing, the Firms represent only Client and will not pursue claims for loss of consortium. THIS CONTRACT IS ONLY VALID IF IT IS TRANSFERRED TO WATTS GUERRA LLC ALONG WITH A COMPLETED ZANTAC CENSUS PLUS FORM (CPF) AS ORDERED BY THE COURT. IT IS VOID IF IT IS NOT ACCOMPANIED BY THE CPF.

1. **THE FIRMS' AUTHORITY.** Client fully authorizes and directs the Firms to manage and handle my claims as they deem proper and to investigate and prosecute them, with or without filing a lawsuit, in any manner they deem advisable. Client authorizes the Firms to enter into a common interest agreement on my behalf with each other and with any other person or entity that the Firms deem appropriate. Client authorizes the Firms to deliver in my name any and all notices, receipts, authorizations, releases, pleadings and any other documents proper in and to the handling of my claims. Client authorizes the Firms to use their professional judgment and any relevant documents, records, or other information that the Firms deem necessary to proper representation of Client. If, at any time, the Firms determine, for any permissible reason, that prosecution of Client's claims should be discontinued, the Firms may withdraw from my representation. Client understands and agrees that the Firms may transmit Client's protected health information electronically in the course of representing Client.

2. **CLIENT'S COOPERATION.** Client agrees to cooperate fully with the Firms, disclose all relevant facts and promptly advise the Firms of any change in address or telephone number, and to promptly comply with all reasonable requests of the Firms on all matters related to this contract. Client consents to being contacted by the Firms via telephone, text message, email, and specifically through the use of robocall technology as well as any other necessary methods of communication. Client understands that failure to fully cooperate may be a basis for termination of this contract. Client agrees not to settle the claims made the subject of this contract without the approval of the Firms. The Client will rely exclusively upon the representation of the Firms during any settlement negotiations. **No settlement will be made without the Client's consent.**

3. **CONTINGENT FEE ARRANGEMENT.** The Firms will assume joint responsibility for Client's representation and each Firm will be available for consultation with Client. In consideration of legal services, Client hereby assigns and grants to the Firms the following percentage of any monies, interest, or property recovered: **FORTY PERCENT (40%)** in the event of a recovery. Client consents to the Firms' sharing these attorneys' fees 49.25% to Watts Guerra LLC and 50.75% to Biltmore Law Group, PLLC. Client understands and agrees that Watts Guerra LLC is responsible for litigation, calendaring, docketing, monitoring applicable statutes of limitations, meeting deadlines, determining jurisdiction and venue, obtaining expert reports, deciding which parties should be named in proceedings, and also coordinating the resolution of any liens with respect to settlement or judgment proceeds. Biltmore Law Group, PLLC is responsible for Client intake and may assist in litigation, settlement negotiations and, as requested by Watts Guerra LLC, in performing legal research, preparing claims, reviewing medical records, obtaining medical authorizations and releases, providing strategic advice in connection with Client claims, and analyzing legal issues. Client consents to the Firms sharing their attorneys' fees with local counsel as necessary. This contingency fee is not set by law but is negotiable between the Attorney and Client. This contingency fee will only be reduced to less than forty percent (40%) if required pursuant to an applicable State law governing this contingency fee. **Attorneys' fees will be determined before repayment of expenses and will therefore be calculated based on the gross recovery, before expenses are deducted. In the event there is no recovery, Client owes the Firms nothing.**

4. **EXPENSES PAID BY THE FIRMS.** The Firms agree to advance any and all reasonable expenses associated with the prosecution of client's claim. **Expenses advanced by the Firms will be repaid to them, together with interest therein or the cost of credit thereon, from any recoveries made, out of Client's share of any recovery. In the event no recovery is made, no repayment of expenses advanced will be required.** Advanced expenses that shall be reimbursed include office expenses attributable to the representation, other than general overhead expenses. Such reimbursable office expenses shall include, but are not limited to, internal document copying and scanning at $0.25 per page, document copying and scanning performed by others, photograph, video and document imaging expenses and reproduction thereof, mileage at the rate allowed by the Internal Revenue Service, travel, and all airfare, mileage, legal research and investigation charges, long distance telephone charges, fax and electronic mail expense and postage. The reimbursable expenses will also include any and all expenses or costs paid to or for persons, entities or businesses outside the firm which are related to the representation, including but not limited to, experts and their staffs; jury consultants; specialized legal counsel for bankruptcy proceedings initiated by defendants; Medicare/Medicaid, hospital lien, and subrogation resolution services; interpreters; investigators; court reporters; videographers; and document imaging companies and personnel. Client understands and consents that the Firms may use third- party litigation funding firms for the payment of expenses such as those described herein. In so doing Client understands and consents to the disclosure to those third-party litigation funding firms of information relating to Client's case, including, without limitation, demographic and medical information, and other information which might be considered personal or confidential. Client understands that the Firms will take reasonable steps to ensure Client's anonymity in disclosing such information. **Regardless of outcome, Client will be responsible for all medical bills and liens incurred as a result of medical treatment received.** Client understands the Firms may be representing multiple clients and agrees that in representing multiple clients many of the expenses incurred are common case expenses, which are costs and expenses incurred for the benefit of multiple clients, including expert witness fees, depositions of defendants, experts, and non-party witnesses, settlement conferences, trial expenses, filing fees, copy costs, and other expenses that are incurred for purposes of influencing

Exhibit "B"

the outcome of multiple clients' claims. **Client agrees the expenses that Client is required to reimburse, if there is a recovery, include not only expenses for Client's own claims, but also the common case expenses. All expenses will be paid from Client's share of any recoveries.**

5. **WITHDRAWAL AND TERMINATION; SECURITY INTEREST.** In the event Client terminates this contingent fee agreement subsequent to the date of this letter without wrongful conduct by the Firms, which would cause the Firms to forfeit any fee, or if the Firms justifiably withdraw from the representation, the Firms will ask the court or other tribunal to order Client to pay a fee based upon the reasonable value of the services provided by the Firms. If an agreement cannot be reached as to how the Firms are to be compensated in this circumstance, the Firms will request the court or other tribunal to determine: (1) if Client has been unfairly or unjustly enriched if Client does not pay a fee to the Firms; and (2) the amount of the fee owed, taking into account the nature and complexity of Client's case, the time and skill devoted to Client's case by the Firms, and the benefit obtained by Client as a result of the Firms' efforts. Any such fee shall be payable only out of the gross recovery obtained by or on behalf of Client and the amount of such fee shall not be greater than the fee that would have been earned by the Firms if the contingency described in this contingent fee agreement (resolution of the above-referenced claims) had occurred. Client hereby grants the Firms, as well as associate counsel, if applicable, a lien on any and all causes of action or claims Client may assert with respect to the injuries and/or damages which are the subject of this agreement. The lien will attach to any recovery Client may obtain (whether by judgment, settlement or otherwise). The Firms' (and associate counsel's) lien will be for an amount equal to the reasonable value of the services provided by the Firms.

6. **MULTIPLE CLIENTS.** Client understands and agrees that the Firms may be representing more than one client in this matter and that the following aspects of joint representation have been disclosed: (1) the Client might gain or lose some advantages if represented by separate counsel; (2) the Firms cannot serve as an advocate for one client against another client; (3) the Firms must deal impartially with every client; (4) information received by the Firms from or on behalf of any jointly represented client concerning the matter may not be confidential or privileged as between the jointly-represented clients; and (5) if a conflict arises between clients, the Firms might not be able to continue representing any of the clients involved. **Client consents to the Firms representing more than one client in this matter.**

7. **RECORD RETENTION POLICY.** During the normal course of litigation, both paper and electronic files are collected. Upon the conclusion of litigation, the Firms may retain portions of the case file pursuant to the Firms' record retention policies and any applicable confidentiality agreements or protective order. If Client wishes for the Firms to return original Client documents or send Client any portion of the file, Client agrees to inform the Firms in writing within thirty (30) days of the conclusion of the matter. The Firms will not be responsible for file materials that Client does not request in writing within thirty (30) days and which are eventually destroyed under the Firms' record retention policy.

8. **MEDIATION.** Client and the Firms agree that, prior to commencing any proceeding arising from a dispute under this agreement, they will attempt in good faith to resolve the dispute through confidential mediation with a mediator agreed upon by all parties. Each of the Client and the Firms shall bear one-half of the mediator's fees and expenses, but each party shall bear their own attorneys' fees and expenses.

9. **OTHER ATTORNEYS.** Client certifies and represents to the Firms that Client has revoked all prior agreements with other attorneys, if any, and Client has not assigned, sold or transferred any interest in the claims described herein except to the extent such claims are assigned to the Firms as specified herein.

10. **PARTIES BOUND.** This agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns where permitted by this agreement.

11. **LEGAL CONSTRUCTION.** In case any one or more of the provisions contained in this agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision thereof and this agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

12. **PRIOR AGREEMENTS SUPERSEDED.** This agreement constitutes the entire agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties with respect to its subject matter.

13. **LAW AND VENUE.** This agreement shall be governed by and interpreted under Arizona substantive law, and exclusive venue and jurisdiction of any lawsuit or claim arising out of or relating to this agreement shall lie in Arizona State Court in Maricopa County, Arizona. If any provision of this agreement shall be held to be invalid, illegal, unenforceable or in conflict with the law of any jurisdiction, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

14. **NO SOLICITATION OF CLIENT.** By signing and entering into this agreement, Client hereby affirms that Client's case was not solicited by the Firms, the agreement is not being entered into as a result of promises of money, no promises of a successful recovery have been made to Client, and Client has freely and voluntarily entered into this agreement.

15. **ACKNOWLEDGMENT.** Client certifies and acknowledges that Client has had the opportunity to read this agreement, has been provided a copy of this agreement, and has knowingly and voluntarily entered into this agreement fully aware of its terms and conditions.

EXECUTED on Aug 17, 2022.

**READ AND ACCEPTED BY:**

Constance Erving-Wade (Aug 17, 2022 09:44 CDT)
CLIENT SIGNATURE

constanceerving@yahoo.com
CLIENT EMAIL

| | | | | |
|---|---|---|---|---|
| 1031 Hickory Ridge Drive | Kosciusko | MS | 39090 | (662) 803-9463 |
| STREETADDRESS | CITY | STATE | ZIP CODE | CLIENT PHONE NUMBER |

**FOR THE FIRMS:**

**WATTS GUERRA LLC**

**BILTMORE LAW GROUP, PLLC**